IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| OMAR ANTONIO LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-CV-187-MHT-KFP |
| | ) | |
| THE STATE OF ALABAMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff filed this case on March 16, 2026. Doc. 1. On March 26, 2026, Plaintiff filed an Amended Complaint. Doc. 6. Plaintiff also submitted an application for leave to proceed in forma pauperis (Docs. 2, 14), which the Court ultimately granted. Doc. 15.

Subsequently, the undersigned reviewed Plaintiff's Amended Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. In its review, the undersigned found Plaintiff's Amended Complaint failed to state a claim and was a shotgun pleading. Doc. 17. To correct Plaintiff's pleading deficiencies, the Court ordered Plaintiff to file a Second Amended Complaint and "expressly cautioned" Plaintiff "that his failure to file a Second Amended Complaint meeting the requirements of this Order and the Federal Rules of Civil Procedure will result in a recommendation that the action be dismissed." *Id.* at 6–7. The Court's orders (Docs. 15, 17) were returned to the Court because Plaintiff's mail was undeliverable. Plaintiff was ordered to file his amended pleading and confirm his address and again

"expressly cautioned that his failure to comply with this Order will result in a recommendation that the action be dismissed." Doc. 24.

On May 26, 2026, Plaintiff filed a Motion for Leave to File First Amended Complaint. Doc. 25. Days later, on June 8, 2026, Plaintiff filed a Motion for Leave to File Second Amended Complaint. Doc. 26. Upon consideration of Plaintiff's motion (Doc. 26), the Court construes this filing as Plaintiff's Second Amended Complaint and GRANTS the motion. On this basis, Plaintiff's first Motion for Leave to File First Amended Complaint (Doc. 25) is DENIED as moot.

Plaintiff's Second Amended Complaint does not remedy the pleading issues the Court identified in its replead order. Doc. 17. The Second Amended Complaint names "Bobbie Hawkes and Kendria Jones" as defendants and alleges "targeted interference" in the form of "continuous and systemic violations of Plaintiff's protected civil liberties actionable under 42 U.S.C. § 1983." Doc. 26 at 2–3. Plaintiff claims these defendants "utilized their administrative authority within the Department of Human Resources framework to intentionally maintain a fraudulent status against Plaintiff." Doc. 26 at 3. This Second Amended Complaint merges this claim into the statement of facts section, which, despite its title, contains no factual allegations beyond these conclusory claims against these defendants.

Once again, Plaintiff's vague and conclusory allegations fail to state any plausible claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating that the purpose of the federal pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (internal quotation marks and

2

citation omitted). To comply with the Federal Rules of Civil Procedure, a plaintiff is required to set forth both a cognizable legal claim and sufficient factual allegations to support the asserted claim, thereby showing that he is plausibly entitled to the relief being sought. Fed. R. Civ. P. 8(a)(2)–(3). Plaintiff has failed to do that here.

Further, while Plaintiff has listed "42 U.S.C § 1983," this vague statement is not sufficient to invoke the Court's jurisdiction. *Catalyst Pharms., Inc. v. Fullerton*, 748 F. App'x 944, 946 (11th Cir. 2018) (per curiam) ("Vague and conclusory allegations do not satisfy" plaintiff's "'initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" (quoting *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013))); *Butler v. Morgan,* 562 F. App'x 832, 834 (11th Cir. 2014) (per curiam) ("A well-pleaded complaint presents a federal question where it establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." (quoting *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001))). "[A] court can dismiss on subject matter jurisdiction grounds 'where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" *Ahmed Shaikh v. Fox News Network, LLC*, 2026 U.S. App. LEXIS 16214, at *6 (11th Cir. June 4, 2026) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)).

In addition, Plaintiff's Second Amended Complaint remains a shotgun pleading. "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings[,]" *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018), and the Eleventh Circuit "has

3

filled many pages of the Federal Reporter condemning shotgun pleadings and explaining their vices[,]" *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356 (11th Cir. 2018). "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland v. Palm Beach Ctny. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

Shotgun pleadings fit into four categories. *Id.* at 1321. The first and "most common type" of a shotgun pleading "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second type of shotgun pleading is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third type of complaint fails to isolate "each cause of action or claim for relief" into different counts. *Id.* at 1323. And the fourth type of complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Here, the Complaint exemplifies three of the categories of shotgun pleadings: two, three, and four. *Id.* at 1321–23. First, the Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. Plaintiff's Complaint alleges defendants "utilized their administrative authority

4

within the Department of Human Resources framework to intentionally maintain a fraudulent status against Plaintiff" in violation of his civil liberties. Doc. 26 at 2–3. This statement is vague and asserts no factual allegations about defendants' actions. Further, Plaintiff has alleged no factual matter, only conclusory legal claims about "targeted interference" and "violations." Doc. 26. These are not facts.

The Complaint also fails to isolate "each cause of action or claim for relief" into different counts because the Complaint is comprised of a single count blending the facts and cause of action into one. *Weiland*, 792 F.3d at 1323.  Additionally, this single cause of action "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* This form of pleading makes it impossible to discern what facts are alleged against each individual defendant.

In addition to these pleading deficiencies, Plaintiff has also filed a series of sovereign-citizen-esque documents. In one of these filings, Plaintiff gives the Court "judicial notice" that because his case has been pending for 49 days, "the right to a judgment is vested" and "supersedes any May 13th amendment deadline." Doc. 18 at 1. Plaintiff's "Ironclad Sovereign Decree" identifies himself as "sovereign living being." Doc. 19 at 1. Similarly, Plaintiff's "Rule 55 Default Judgment and Mandatory Liquidation Order" includes language identifying him as "Principal / Sovereign / Secured Party." Doc. 21 at 1. "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not

being the jurisdiction of the courts" and "[t]hese theories should be rejected summarily, however they are presented." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011).[1]

In addition, Plaintiff filed an "Affidavit in Support of Entry of Default and Judgment" in which he claims his affidavit is "sealed in blood" and uses "all rights reserved" language in the signature line. Doc. 18. Plaintiff's "Rule 55 Default Judgment and Mandatory Liquidation Order" also "orders" that "[u]pon release of the $8.8M, all proceedings in this matter are terminated with prejudice." Doc. 21 at 1.

Courts routinely describe this type of content as "hallmarks of sovereign citizen jabberwocky." *Pratcher v. BMW Fin. Servs., NA. LLC*, 2025 U.S. Dist. LEXIS 86203, at *1–2 (N.D. Ga. May 6, 2025) (identifying "sovereign citizen jabberwocky" as Plaintiff's documents including a "red thumbprint" and "pages of meaningless legalese" including "assertions that Plaintiff [was] acting as an agent of herself"); *see Jones v. Dunson*, 2025 U.S. Dist. LEXIS 276673, at *6–7 (M.D. Ala. Sept. 10, 2025) (describing references including "rights reserved, without prejudice" as "indicative of sovereign citizen filings"). "Courts have been confronted repeatedly by [sovereign citizens'] attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous." *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013).

Based on Plaintiff's failure to obey court orders, and because the case is rife with Plaintiff's frivolous sovereign citizen documents,[2] the undersigned concludes this case

---

[1] Here, and elsewhere in this Recommendation, the Court cites to non-binding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

[2] "Sovereign-citizen-type arguments are patently frivolous" and "may be dismissed with prejudice and without an opportunity to amend." *Richard v. Embrace Home Loans, Inc.*, 2026 U.S. Dist. LEXIS 43142,

should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order is generally not an abuse of discretion where litigant has been forewarned). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982) ("Federal Rules expressly authorize a district court to dismiss . . . [an] entire action for failure to prosecute or obey a court order or federal rule. . . . [T]his power. . . is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions."). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.* at 102.

If a plaintiff fails to comply with a court order, "[a] district court may dismiss [the] action sua sponte under Fed. R. Civ. P. 41(b)." *Goodison v. Wash. Mut. Bank*, 232 F. App'x 922, 922–23 (11th Cir 2007) (per curiam) (*citing Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980)).[3]

---

at *4, *4 n.2 (M.D. Ala. Mar. 3, 2026) (citing *Bey v. Re/Max*, 2023 U.S. Dist. LEXIS 225334, at *2 (M.D. Fla. Dec. 19, 2023) (dismissing sovereign citizen complaint with prejudice without leave to amend)).

[3] Opinions issued by the former Fifth Circuit prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

Further, it is ORDERED that on or before **June 23, 2026**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *See* 11th Cir. R. 3-1.

DONE this 9th day of June, 2026.

KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE

8